IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TALEB SAID DAWOUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:06-CV-1730-M |
| ) | |
| HOMELAND SECURITY DEPARTMENT, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251,* this case has been referred this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendants' Motion to Dismiss and Brief in Support Thereof,* filed April 7, 2008. After consideration of the relevant filings, evidence and applicable law, and for the reasons stated herein, the Court recommends that the motion be **GRANTED**.

**I. BACKGROUND**

Plaintiff *pro se* Taleb Said Dawoud ("Plaintiff") is a lawful permanent resident of the United States who filed an application for naturalization with the USCIS on January 7, 2004. On September 22, 2006, he filed the instant petition for a writ of mandamus ("Compl.") alleging that he had been waiting more than three years for a decision, but Defendant USCIS had not rendered a decision on his application because the background check being conducted by

1

Defendant FBI had not been resolved. (Compl. at 1). By his complaint, Plaintiff sought to have the Court "force these agencies whether the USCIS or FBI to do their Job." *Id.*

On December 7, 2007, USCIS granted Plaintiff's application. *See* Appx. A, pp. 1-3, to Mot. The government moves to dismiss this action on grounds that because he has received all the relief he sought, it is now moot. (*See* Mot. at 2.) Plaintiff filed no response, and the matter is now ripe for consideration.

## II. RULE 12(b)(1) STANDARD

Although the government has not expressly invoked a basis for dismissal of this action, a motion to dismiss for lack of subject matter jurisdiction is properly brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

2

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

In this case, the government supports its motion with evidence and thus presents a factual attack that requires the Court to resolve matters outside the pleadings. *See Ramming*, 281 F.3d at 161; *see also Williamson*, 645 F.2d at 412-13. Accordingly, no presumption of truth attaches to Plaintiff's factual allegations. *See Williamson*, 645 F.2d at 412.

### III. MOOTNESS

The government moves to dismiss for lack of jurisdiction on the grounds that this action is moot because Plaintiff has now received all of the relief to which he is entitled. (Mot. at 2.)

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). Not only must there be a live "case or controversy at the time the complaint is filed" but "the general principles of Art. III jurisdiction require that the plaintiff's personal stake in the

3

litigation continue throughout the entirety of the litigation." *Sosna v. Iowa*, 419 U.S. 393, 402 (1975); *see also*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (recognizing that "[t]o qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed'").

The case-and-controversy requirement encompasses the interrelated principles of standing and mootness. *See Arizonans for Official English*, 520 U.S. at 64-67. "One commentator has defined mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Geraghty*, 445 U.S. at 397 (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)); *but see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) (recognizing that this description of mootness "is not comprehensive").

> The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated. The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' In other words, when standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable.

*Flast v. Cohen*, 392 U.S. 83, 99-100 (1968) (citation omitted). Whether the issue is one of standing or of mootness, the relevant inquiry is whether the plaintiff or petitioner has a legally cognizable interest in the outcome.

In this case, the government has proffered evidence that it has granted Plaintiff's application for naturalization. For this reason, it argues, Plaintiff has already obtained all the relief that he

4

sought in the instant action, and the action is therefore moot. Because it is undisputed that Plaintiff has received the relief he sought by this action, he no longer has a legally cognizable interest in the outcome, and this action is moot. *See Ibrahim v. INS*, No. 3:02-CV-0770-M, 2003 WL 292172, at *1 (N.D. Tex. Feb. 7, 2003) (finding petition moot when the petitioner had "obtained all the relief to which he [wa]s entitled"). Accordingly, the Court should dismiss it for lack of jurisdiction.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that *Defendants' Motion to Dismiss and Brief in Support Thereof,* filed April 7, 2008, be **GRANTED**.

**SO RECOMMENDED** on this 30th day of April, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5